UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAMBERLAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BAKER HUGHES, A GE COMPANY, LLC,<br><br>    Defendants. | No.  1:19-cv-00831-DAD-JLT<br><br>ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING<br><br>(Doc. No. 15) |

In connection with the parties' joint stipulation and proposed order for approval of the proposed PAGA settlement (Doc. No. 15), the parties are directed to file supplemental briefing addressing the following issues:

1. Further description of the litigation costs accrued, including the relevance of particular costs to the PAGA claim (*see, e.g.*, Doc. No. 14-5) (listing "travel expenses (1-13-20)" and "large meeting room rental" without specifying how these costs pertain to the PAGA claim.);

2. The reasonableness of an award of attorneys' fees in an amount up to 40 percent of the Gross Settlement Fund in light of the circumstances of this case (which appear to include a settlement reached at an early stage of the litigation without significant motion practice and with a clear sailing provision of the proposed settlement

1

    pursuant to which defendant agrees not to oppose the requested fee award) and the results obtained;

3. A clear estimate of the hours expended by plaintiff's counsel in relation to the PAGA claim and documentation allowing the court to conduct a lodestar cross-check;[1]

4. Any additional information regarding the fundamental fairness, reasonableness, and adequacy of the proposed PAGA settlement offer,[2] such as the methodology used to reach the proposed settlement amount of $25,000;[3]

---

[1] Although attorney Karl Gerber's declaration avers that the attorneys' fees award is based on an hourly rate well below the lodestar, (*see* Doc. No. 14 at ¶ 19), the court must nonetheless have adequate documentation to perform its own lodestar crosscheck. While

> an attorney is not required to record in great detail how each minute of his time was expended . . . [and] can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures . . . parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records.

*Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 3842892, at *5 (E.D. Cal. Aug. 15, 2019) (internal citations and quotation marks omitted) (approving a summary of attorneys' fees but applying a reduction). Here, attorney Karl Gerber's declaration includes a summary of the hours expended in resolving the PAGA claim. (*See* Doc. No. 14 at ¶ 19.) However, this narrative breakdown presents seemingly questionable calculations (*see id.* (relying on an estimate of 110 hours to perform the lodestar crosscheck while listing loose quantifications that seemingly total, at minimum, 135 hours), as well as inconsistent hourly rates (*compare id.* ("Significant work on this case includes in-house data entry and computations for Plaintiff (approximately 20 hours at $150.00 an hour)") *with id.* ("analysis and computations on the payroll records produced for the PAGA group by me 50 hours at $600 an hour"). The court also notes that "[t]he fee applicant bears the burden of producing satisfactory evidence 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Tenorio*, 2019 WL 3842892 at *3.

[2] The court's determination as to fairness, reasonableness, and adequacy may involve a balancing of several factors including but not limited to the following: the strength of plaintiffs' claims; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; and the experience and views of counsel. *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

[3] While attorney Karl Gerber's declaration explains some of his rationale behind the settlement amount, (*see* Doc. No. 14 at ¶¶ 13–15), these propositions lack support or points of reference,

1   The parties shall file a brief responsive to these issues within ten (10) days from the date
2   of this order.

3   IT IS SO ORDERED.

4   Dated:   **April 16, 2020**                            /s/ Dale A. Drozd
5                                                  UNITED STATES DISTRICT JUDGE

---

such as cases involving similar claims and settlement amounts.  (*See, e.g.*, *id.* at ¶ 15 ("Many believe a class action that achieves a 10% recovery rate is very good."); *id.* at ¶ 16 ("Although there have been some alleged, and some reported seven-figure PAGA settlements lately they involve much larger groups; thousands if not 50,000."))

3